MARY ANN McKEOWN, appellant,

*v.*

JOHN JAMES McKEOWN et al., respondents.

*Mr. J. H. Lippincott*, for appellant.

It is contended that a resulting trust under the facts will prevail in favor of the appellant, either—

1. To the undivided one-half part of this property, or

2. To the whole of it.  *Co. Litt. 249, 290 § 8; Perry on Trusts § 51; 2 Washb. R. P. 174; Hall* v. *Young, 37 N. H. 134.*

When an agent fraudulently purchases land for himself with the money of his principal, he will be held as trustee therefor. *Wills* v. *Robenson, 13 Cal. 133; Perry on Trusts §§ 124–165.*

*Mr. James Chapman*, for respondents.

I. If this property was purchased with the complainant's money, and for her, John James was her trustee; but

"The law never implies; the court never presumes a trust except in cases of absolute necessity." *Baldwin* v. *Campbell, 4 Hal. Ch. 891.*

II. If a trust, it must be either a direct or implied trust.

(*a*) It cannot be a direct trust, for the statute of frauds expressly says that all declarations or creations of trust shall be in writing.  *Statute of Frauds § 13.*

(*b*) It cannot be an implied trust; for " when a trust is sought to be raised as a resulting trust from the payment of the purchase-money, there must be very clear proof of the payment of the purchase-money by the person in whose favor a trust by implication is sought to be raised."

" A resulting trust will not be held to arise upon payments made by one asserting his claim in common with the grantee in

Luers *v.* Brunjes.

the deed, when the consideration is set forth in the deed as moving solely from the latter, unless satisfactory evidence is offered exhibiting the portion which was really the property of each, and establishing the fact that the payment was made for some specific grant or distinct interest in the estate." *Cutter* v. *Tuttle, 4 C. E. Gr. 549 ; Shroser* v. *Isaacs, 1 Stew. Eq. 320.*

III. Delay in asserting the claim is an important consideration in determining whether there is a trust or not. *Midmer* v. *Midmer, 11 C. E. Gr. 299, 12 C. E. Gr. 548 ; Barnes* v. *Taylor, 12 C. E. Gr. 266.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the Chancellor in *McKeown* v. *McKeown, 6 Stew. Eq. 384.*

---

HENRY LUERS et al., administrators &c., appellants,

*v.*

PETER BRUNJES et al., respondents.

---

*Mr. John Linn,* for appellants.

The cases of *Besson* v. *Eveland, 11 C. E. Gr. 468,* and *Post* v. *Stiger, 2 Stew. Eq. 554,* and *Clarke* v. *Rosencranz, 4 Stew. Eq. 665,* all admit that if a wife be a *bona fide* creditor of her husband he may secure her in the same manner that he may secure any other *bona fide* creditor.

A husband indebted to his wife may prefer her as his creditor. *Monroe* v. *May, 9 Kan. 473 ; Drury* v. *Briscoe, 42 Md. 155 ; Rowland* v. *Plummer, 50 Ala. 193 ; Woodworth* v. *Sweet, 44 Barb. 268, 51 N. Y. 8 ; McCartney* v. *Welch, 44 Barb. 271, 51 N. Y. 626 ; Wallingford* v. *Allen, 10 Peters 594 ; Babcock* v. *Eckler, 24 N. Y. 623 ; Schaffner* v. *Reuter, 37 Barb. 44 ;*